UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RISE ECONOMY,<br>77 Van Ness Ave., #101 – 1312<br>San Francisco, CA 94102,<br><br>NATIONAL COMMUNITY<br>REINVESTMENT COALITION,<br>740 15th Street, NW, Suite 400<br>Washington, DC 20005,<br><br>MAIN STREET ALLIANCE,<br>909 Rose Ave., Suite 400<br>North Bethesda, MD 20852,<br><br>and<br><br>RESHONDA YOUNG,<br>237 Prospect Ave.<br>Waterloo, IA 50703,<br><br>      *Plaintiffs*,<br><br> v.<br><br>RUSSELL VOUGHT, Acting Director,<br>Consumer Financial Protection Bureau,<br>In His Official Capacity,<br>1700 G Street NW<br>Washington, DC 20552,<br><br>and<br><br>CONSUMER FINANCIAL PROTECTION<br>BUREAU,<br>1700 G Street NW<br>Washington, DC 20552,<br><br>      *Defendants*. | No. 1:24-cv-02374<br><br>**SUPPLEMENTAL COMPLAINT** |

1. Plaintiffs Rise Economy ("Rise"), National Community Reinvestment Coalition ("NCRC"), Main Street Alliance ("Main Street"), and ReShonda Young (collectively "Plaintiffs") filed a Complaint for Declaratory and Injunctive Relief in this matter on July 23, 2025.

2. The Complaint challenged two documents issued by the Defendants, Consumer Financial Protection Bureau ("CFPB" or "Bureau") and its Acting Director Russell Vought: (1) an April 30, 2025 press release ("Press Release")[1] announcing a policy of non-compliance with Section 1071 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (codified at 15 U.S.C. § 1691c–2); and (2) a June 17, 2025 interim final rule ("2025 IFR")[2] amending the 2023 final rule ("Lending Transparency Rule")[3] implementing Section 1071, by relieving financial institutions of their obligations to comply with that rule for at least a year.

3. As explained in the Complaint, the Press Release and 2025 IFR unlawfully withheld or unreasonably delayed statutorily mandated action; were not in accordance with law and exceeded statutory authority; were issued without required notice and comment; and were arbitrary and capricious. *See* Compl. ¶¶ 111-37.

4. On October 2, 2025, Defendants issued a final rule ("2025 Final Rule")[4] to finalize the 2025 IFR.

---

[1] Press Release, CFPB, *CFPB Keeps Its Enforcement and Supervision Resources Focused on Pressing Threats to Consumers* (Apr. 30, 2025), https://perma.cc/PER8-T4HE.

[2] Small Business Lending Under the Equal Credit Opportunity Act (Regulation B); Extension of Compliance Dates, 90 Fed. Reg. 25,874 (June 18, 2025).

[3] Small Business Lending Under the Equal Credit Opportunity Act (Regulation B), 88 Fed. Reg. 35,150, 35,165 (Mar. 30, 2023).

[4] Small Business Lending Under the Equal Credit Opportunity Act (Regulation B); Extension of Compliance Dates, 90 Fed. Reg. 47,514 (Oct. 2, 2025).

5.      The 2026 Final Rule suffers from the same substantive flaws as the 2025 IFR. Through it, CFPB continues to unlawfully withhold and unreasonably delay compliance with CFPB's obligations under Section 1071, which CFPB has now shirked for more than fifteen years. The rule purports to relieve financial institutions of their obligations to comply with the law in excess of CFPB's statutory authority, and it is arbitrary and capricious.

6.      Accordingly, Plaintiffs hereby supplement their Complaint to challenge the 2025 Final Rule in addition to the 2025 IFR and Press Release. For the reasons discussed in the Complaint and supplemented herein, the Court should declare Defendants in violation of the APA and the Equal Credit Opportunity Act, set aside and vacate the 2025 Final Rule (as well as the 2025 IFR and Press Release), and require the CFPB to begin collecting and publishing the required data.

## I.     JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

8.      Venue is proper under 28 U.S.C. § 1391(b) and (e) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, Defendants are a United States agency and its officer sued in his official capacity, and at least one Plaintiff and at least one Defendant resides in and has its principal place of business in this district.

## II.    FACTUAL ALLEGATIONS

9.      The 2025 IFR, which Defendants issued on June 18, 2025, included a request for public comment that closed on July 18, 2025, 30 days after the IFR's issuance.[5]

---

[5] 90 Fed. Reg. at 25,874.

10. Executive orders in force at the time of the 2025 Final Rule state that "a comment period … should generally be at least 60 days"[6] and "in most cases … a comment period [should be] not less than 60 days."[7] Defendants provided no explanation for why they believed a shorter comment period was appropriate.

11. Only 20 interested parties were able to comment during the unusually short comment period.[8] By contrast, CFPB received 2,709 comments during the 60-day comment period for the 2017 Request for Information, and approximately 2,100 comments during the 90-day comment period for the 2021 NPRM.[9]

12. On October 2, 2025, Defendants issued the 2025 Final Rule "finalizing" the 2025 IFR with "no further changes … other than the correction of two typographical errors."[10]

13. The 2025 Final Rule provided little additional explanation of the purported need for the 2025 IFR.

14. As in the 2025 IFR, Defendants' main supposed justification relied on the stays in the three pending challenges to the Lending Transparency Rule.[11] But once again, Defendants did not acknowledge that none of those challenges had shown any likelihood of success, nor that

---

[6] Exec. Order 13,563, Improving Regulation and Regulatory Review, 76 Fed. Reg. 3,821, 3,821-22 (Jan. 18, 2011).

[7] Exec. Order 12,866, Regulatory Planning and Review, 58 Fed. Reg. 51,735, 51,740 (Sept. 30, 1993).

[8] *See* 90 Fed. Reg. at 47,515.

[9] *See* 88 Fed. Reg. at 35,173; CFPB, Request for Information Regarding the Small Business Lending Market, Docket No. CFPB-2017-0011 (Regulations.gov) (posted May 15, 2017), https://perma.cc/U35Y-84X7; CFPB, Small Business Lending Data Collection under the Equal Credit Opportunity Act, Docket No. CFPB-2021-0015 (Regulations.gov) (posted Oct. 8, 2021), https://perma.cc/24FE-WQMA.

[10] 90 Fed. Reg. at 47,514-15.

[11] *Id.* at 47,516-17.

Defendants had themselves encouraged the courts to issue the stays.[12] They showed no recognition of their own role in creating "confusion" over the status of the Lending Transparency Rule. Nor did they acknowledge this lawsuit challenging the 2025 IFR, in stark contrast to their solicitude toward the challenges to the Lending Transparency Rule.

15. The 2025 Final Rule also stated that the delay was justified by "the underlying concerns raised by stakeholders about the 2023 Final Rule."[13] It did not specify what concerns it was referring to, nor did it explain why it was resolving them differently than when it previously considered those same concerns in the Lending Transparency Rule. As commenters noted, these concerns "are not new" and were raised prior to CFPB's issuance of the Lending Transparency Rule.[14]

16. Similarly, Defendants justified their decision not to enforce the Lending Transparency Rule with their desire "to reconsider certain of its provisions," without identifying those provisions, explaining the Final Rule's reasons for reversing the agency's previous conclusions, or explaining why provisions they were not reconsidering should not be enforced.[15]

17. Defendants also said that "[t]he CFPB continues to believe that the impacts of the 2023 final rule were well considered and responsive to comments, as discussed in the 2023 final rule."[16] Yet they failed to explain their departure from the conclusion that the benefits of the Lending Transparency Rule outweigh the arguments for a longer compliance deadline. Nor did

---

[12] *See* Compl. ¶¶ 44-49, 65-68.

[13] 90 Fed. Reg. at 47,517.

[14] Equip. Leasing & Fin. Ass'n, *Re: Interim Final Rule on Small Business Lending Data Collection* at 1, Comment ID No. CFPB-2025-0017-0012 (July 18, 2025), *available at* https://perma.cc/6FXZ-QNAX [hereinafter "ELFA Comment"].

[15] 90 Fed. Reg. at 47,516.

[16] *Id.* at 47,519.

they justify the negative impact that further delay of Section 1071 will have on small business borrowers—one of the impacts discussed in the 2023 Final Rule. They also analyzed the impacts of the delay based on the assumption that the rule would then take effect in one year, despite comments from both supporters and opponents of the delay explaining that the 2025 Final Rule's delay-and-revise approach would prevent regulated entities from being prepared to comply in a year.[17]

18.     Defendants altogether failed to consider significant comments reminding CFPB that the 2023 Final Rule was developed through an exhaustive process, and that Section 1071 data is a pro-market tool that will increase competition and encourage innovation.[18] They likewise ignored comments from regulated entities explaining that they had already invested in complying with Section 1071 and the Lending Transparency Rule, such that the delay and possible revision of that rule increases their costs and creates the very confusion Defendants claim to be responding to.[19]

### III.    HARM TO PLAINTIFFS

19.     Because the 2025 Final Rule confirms the 2025 IFR and Press Release, it harms Plaintiffs in the same ways explained in the Complaint.[20]

---

[17] ELFA Comment at 7, https://perma.cc/6FXZ-QNAX; Nat'l Cmty. Reinvestment Coal., *Re: Small Business Lending Under the Equal Credit Opportunity Act (Regulation B); Extension of Compliance Dates, Docket No. CFPB–2025–0017, RIN 3170–AB40* at 6, Comment ID No. CFPB-2025-0017-0009, *available at* https://perma.cc/8HHZ-7WMD [hereinafter "NCRC Comment"].

[18] *See, e.g.*, NCRC Comment; Responsible Bus. Lending Coal., *Re: Docket No. CFPB-2025-0017 / RIN 3170–AB40 Interim Final Rule- Small Business Lending Under the Equal Credit Opportunity Act (Regulation B); Extension of Compliance Deadlines*, Comment ID No. CFPB-2025-0017-0018, *available at* https://perma.cc/SU5D-VRBU [hereinafter "RBLC comment"].

[19] *See, e.g.*, RBLC comment at 4.

[20] *See* Compl. ¶¶ 71-110.

### IV.    CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

#### COUNT FIVE
#### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT,
#### 5 U.S.C. § 706(1)

20.    Plaintiffs re-allege and reincorporate the paragraphs above as fully set forth herein.

21.    The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

22.    Section 1071 requires Defendants to collect, maintain, and publish data about credit applications by women-owned, minority-owned, and small businesses. *See* 15 U.S.C. § 1691c-2(b), (f). It further requires the Bureau to prescribe rules and guidance to carry out these requirements. *Id.* § 1691c-2(g)(1).

23.    By refusing to collect, maintain, and publish data as required by Section 1071, Defendants are unlawfully withholding and unreasonably delaying agency action.

#### COUNT SIX
#### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT,
#### 5 U.S.C. § 706(2)(A), (C)

24.    Plaintiffs re-allege and reincorporate the paragraphs above as fully set forth herein.

25.    The APA provides a remedy to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(A), (C).

26.    Section 1071 requires financial institutions to inquire whether businesses applying for loans are women-owned, minority-owned, or small businesses, and maintain a record of the responses. 15 U.S.C. § 1691c-2(b). It further requires financial institutions to compile and maintain specifically enumerated data regarding loan applications. *Id.* § 1691c-2(e). It requires

7

financial institutions to submit this data to CFPB, which must retain it for three years and make it public annually and on request. *Id.* § 1691c-2(f)(1)–(2).

27. As reflected in the Press Release, 2025 IFR, and 2025 Final Rule, Defendants consciously and expressly adopted a general policy of abdicating their statutory responsibility to enforce Section 1071.

28. By continuously delaying the Lending Transparency Rule's compliance deadlines and instructing financial institutions that they do not need to comply with Congress's requirement that they compile, maintain, and submit the information specified in Section 1071, Defendants have countermanded Congress's requirements by purporting to relieve financial institutions of their statutory obligations.

29. Defendants are refusing to comply with Congress's command that it make Section 1071 data publicly available.

30. Defendants lack any statutory authority to set aside the explicit requirements that Congress directly imposed on financial institutions in Section 1071.

31. Accordingly, Defendants have acted not in accordance with law, and in excess of statutory authority.

### Count Seven
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

32. Plaintiffs re-allege and reincorporate the paragraphs above as fully set forth herein.

33. The APA provides a remedy to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary [and] capricious." 5 U.S.C. § 706(2)(A).

34. In promulgating the 2025 Final Rule, Defendants relied on factors that Congress did not intend them to consider, failed to consider important aspects of the problem Congress

directed them to address, disregarded facts and circumstances that underlay the Lending Transparency Rule, offered an explanation that was pretextual and contradicted by its own actions, ignored significant comments and obvious alternatives, and injured reliance interests.

35. Accordingly, Defendants' actions are arbitrary and capricious.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

(1) Declare Defendants in violation of the APA and Section 1071, 15 U.S.C. § 1691c-2;

(2) Declare invalid, vacate, and set aside the 2025 Final Rule and order Defendants immediately to cease implementation and/or enforcement of the 2025 Final Rule.

(3) Award Plaintiffs their attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

(4) Grant such other and further relief as this Court deems proper.

DATED: October 29, 2025                                Respectfully submitted,

                                                              /s/ Pooja A. Boisture
Pooja A. Boisture
(admitted *pro hac vice*)
Rachel Fried (DC Bar No. 1029538)
Robin F. Thurston (DC Bar No. 1531399)
Skye Perryman (DC Bar No. 984573)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Facsimile: (202) 701-1775
pboisture@democracyforward.org
rfried@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs*